IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CR-139-FL-1
NO. 7:20-CV-106-FL

| | |
|---|---|
| STANLEY L. RIOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 47) and respondent's motion to dismiss (DE 55). Petitioner responded in opposition to the motion to dismiss and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On April 10, 2018, petitioner pleaded guilty, pursuant to a written plea agreement, to possession of a firearm and ammunition by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g). On July 11, 2018, the court sentenced petitioner to 71 months' imprisonment and three years' supervised release. He did not appeal.

Petitioner filed the instant motion to vacate on June 18, 2020, alleging that his § 922(g) conviction should be vacated based on Rehaif v. United States, 139 S. Ct. 2191 (2019). On July 6, 2020, the court granted respondent's motion to stay the § 2255 proceedings pending Supreme Court review of United States v. Gary, 954 F.3d 194 (4th Cir. 2020). On August 4, 2021,

respondent filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion was briefed fully.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).  "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

As noted, petitioner alleges that his guilty plea and conviction are constitutionally infirm under Rehaif.  In Rehaif, the Supreme Court held that in order to obtain a conviction for unlawful possession of a firearm under 18 U.S.C. § 922(g), the government must prove that the defendant knowingly possessed the firearm, and "knew he belonged to the relevant category of persons barred from possessing a firearm [here, those with a prior felony conviction]."  139 S. Ct. at 2200. Rehaif abrogated longstanding precedent holding that the defendant's knowledge of his prohibited status was not a required element of a § 922(g) conviction.  See, e.g., United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc), abrogated by Rehaif, 139 S. Ct. at 2191.

Respondent raises the defense of procedural default. Generally, "claims not raised on direct appeal may not be raised on collateral review" and are thus procedurally defaulted. Massarro v. United States, 538 U.S. 500, 504 (2003). A procedural default, however, may be excused where the petitioner demonstrates "cause and actual prejudice" or "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted); United States v. Mikalajunas, 186 F.3d 490, 492–93 (1999). The court may proceed directly to the prejudice inquiry without first considering whether petitioner has shown cause for the default. United States v. Frady, 456 U.S. 152, 167 (1982). To establish prejudice sufficient to excuse procedural default in this context, the petitioner must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In the context of a guilty plea, the petitioner bears the burden of showing "a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004); Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner did not raise his Rehaif claim during the underlying criminal proceedings or on direct appeal, and he cannot establish prejudice to excuse his procedural default. Petitioner cannot establish a reasonable probability of a different outcome where the record demonstrates that he knew of his felon status at the time he possessed the firearm. As part of his plea agreement, petitioner "admitted" that he previously was convicted of a crime "punishable by a term of imprisonment exceeding one year." (DE 30 ¶ 3(a)(3)). Moreover, petitioner's presentence investigation report establishes he was sentenced to more than one year imprisonment for three felony convictions, although the sentence was suspended. (DE 37 ¶ 28). At the time of his

3

arrest, petitioner also admitted to the arresting officers that "he knew he was not supposed to be in possession of firearms and/or ammunition because he was a convicted felon." (Id. ¶ 7).

Petitioner argues that he can show prejudice or actual innocence because his felony sentence was suspended and he did not actually serve more than one year imprisonment. And he further states that the plea agreement does not "show [petitioner] knew that his prior felony was 'punishable' by more than one year." (Pet'r's Resp. (DE 57) at 7). The latter argument relies on an inaccurate reading of the record. As set forth above, by signing the plea agreement petitioner admitted that he was convicted "of a crime punishable by a term of imprisonment exceeding one year." (DE 30 ¶ 3(a)(3)). And his statement to the arresting officers that he knew he was prohibited from possessing firearms because he was a "convicted felon" strongly suggests that he knew of his felon status at the time he possessed them. (PSR (DE 37) ¶ 7). Accordingly, petitioner cannot plausibly allege a reasonable probability that he would have pleaded not guilty and insisted on trial had he been advised of the knowledge-of-status element. As the Supreme Court recently explained in an analogous context:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." [United States v. Gary,] 963 F.3d 420, 423 (CA4 2020) (Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the Rehaif error, the outcome of the district court proceedings would have been different.

Greer v. United States, 141 S. Ct. 2090, 2097 (2021).

Where petitioner fails to establish a reasonable probability that he would not have pleaded guilty, petitioner cannot demonstrate prejudice sufficient to overcome his procedural default. See Dominguez Benitez, 542 U.S. at 76; Satcher, 126 F.3d at 572. And for the same reasons set forth above, petitioner has not established actual innocence of his convictions. See Richardson v. Kornegay, 3 F.4th 687, 701 n.8 (4th Cir. 2021). Petitioner's Rehaif claim therefore is procedurally defaulted, and he has not established grounds for excusing the default.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, petitioner's motion to vacate (DE 47) is DENIED, respondent's motion to dismiss (DE 55) is GRANTED, and a certificate of appealability is DENIED. The clerk is DIRECTED to close the instant § 2255 proceedings.

SO ORDERED, this the 26th day of January, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge