IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CR-139-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| STANLEY L. RIOS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to be placed on the court's docket for revocation of supervised release (DE 65). The government responded in opposition and in this posture the issues raised are ripe for ruling.

On July 11, 2018, the court sentenced defendant to 71 months' imprisonment and three years' supervised release based on his conviction for possession of a firearm and ammunition by a person previously convicted of a felony. Following his release from custody, defendant was charged with a state criminal offense and United States Probation therefore moved to revoke defendant's supervised release. Currently, defendant is in state pretrial custody awaiting proceedings on the pending charge, with a federal detainer lodged against him based on the pending motion for revocation. (Gov. Resp. (DE 66) at 1). In the instant motion, defendant effectively requests that the court direct the government to proceed with revocation of his supervised release even though the state charge providing the underlying basis for the motion for revocation has not been resolved.

Federal Rule of Criminal Procedure 32.1 describes the procedural requirements for revoking supervised release. In relevant part, the rule provides that the court must hold the revocation hearing within "a reasonable time." Fed. R. Crim. P. 32.1(b)(2). This time period,

however, begins to run once the defendant is taken into custody for the federal revocation proceeding. See Fed. R. Crim. P. 32.1(b)(a)(1), (b)(1)(A); United States v. Soles, 336 F. App'x 287, 289 (4th Cir. 2009). Here, the revocation warrant has not been served and defendant therefore cannot claim a violation of Rule 32.1(b)(2).

Moreover, even assuming that the "reasonable time" requirement applies in these circumstances, defendant has not established unreasonable delay. As noted above, the state charge has not been resolved. If the pending charge is dismissed or defendant is found not guilty, the government may not proceed with revocation of supervised release in this case. Accordingly, the government reasonably has concluded that defendant's state criminal proceedings should be resolved first before scheduling hearing on the motion to revoke supervised release.

The court also notes that defendant does not have a statutory or constitutional right to a speedy trial in connection with the pending motion for revocation of supervision. See United States v. Ward, 770 F.3d 1090, 1098 & n.8 (4th Cir. 2014). The Interstate Agreement on Detainers, which places time limits on resolution of pending detainers in criminal cases, also does not apply to detainers issued for revocation proceedings. See Carchman v. Nash, 473 U.S. 716, 724–26 (1985).

Based on the foregoing, defendant's pro se motion to be placed on the court's docket for revocation of supervised release (DE 65) is DENIED.

SO ORDERED, this the 15th day of June, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge